# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

June 27, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER,
Commissioner Below, Petitioner**

**vs.)    No. 13-0202** (BOR Appeal No. 2047453)
                    (Claim No. 2006060240)

**WILLIAM E. TOLLEY JR.,
Claimant Below, Respondent**

**and**

**FLEXSYS AMERICA, LP,
Employer Below, Petitioner**

## MEMORANDUM DECISION

Petitioner West Virginia Office of the Insurance Commissioner, by Anna L. Faulkner, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. William E. Tolley Jr., by John H. Skaggs, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 29, 2013, in which the Board affirmed a July 16, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's August 11, 2011, decision which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Tolley alleges he developed lymphosarcoma of inguinal lymph nodes (non-Hodgkin's lymphoma) in the course of his employment. Mr. Tolley worked for Flexsys America, LP, for over thirty years as a pipe fitter, electrician, and operator. He alleges he was exposed to Tricholorethyelene while he worked in Building 91 and that the chemical is a known cause of non-Hodgkin's lymphoma. Mr. Tolley was diagnosed with the disease in January of 2005. He underwent an independent medical evaluation by Bruce Guberman, M.D., in September of 2006. In that evaluation, Dr. Guberman noted that Mr. Tolley was exposed to various chemicals throughout his approximately thirty year work history for Flexsys America, LP, including Tricholorethyelene. He wore protective equipment intermittently and often used no protection. Mr. Tolley's non-Hodgkin's lymphoma was in remission but he still had some weakness and fatigue. Dr. Guberman concluded that, more likely than not, long term exposure to various chemicals was at least a contributory, if not primary, causative factor in the development of non-Hodgkin's lymphoma. Therefore, it is more likely than not that Mr. Tolley would not have developed the disease if not for his exposure to chemicals at work. Dr. Guberman assessed 7% impairment.

Four of Mr. Tolley's previous co-workers testified in depositions that Mr. Tolley was exposed to chemicals in the course of his employment. Stephen Long stated that he and Mr. Tolley wore breathing protection most of the time but occasionally did not. Frank Persinger, Frank Ross, and Charles Persinger all testified that they worked in Building 91 with Mr. Tolley in the course of their employment. They stated that Tricholorethyelene was used to clean the floors and that they were regularly exposed to the chemical.

Christopher Martin, M.D., prepared a report in which he stated that he reviewed Mr. Tolley's records. Mr. Tolley reported that he worked in Building 91 for two years. He stated that he was exposed to Tricholorethyelene, santi white, sulfur dichloride, and clenzolene. He reported using Tricholorethyelene to clean floors. He did not wear a respirator. Dr. Martin stated that B-cell lymphomas are the most common form of non-Hodgkin's lymphoma and no single cause has been identified. There are studies that suggest occupational exposure may be associated with the cancer. However, Dr. Martin opined that there was no evidence to support a causal relationship between Mr. Tolley's chemical exposure and his cancer. He stated that non-Hodgkin's lymphoma most often develops in males around age sixty-seven. Mr. Tolley was diagnosed at age fifty-six and Dr. Martin determined that he fit the general profile. Dr. Martin opined that there is inconclusive epidemiologic literature indicating Tricholorethyelene is a cause of non-Hodgkin's lymphoma but the evidence in humans is considered to be limited. Most recent studies have found an association but state that further investigations are warranted before definitive conclusions can be made. Dr. Martin found that high levels of exposure, 90 parts per million and over, show statistically significant elevation of B-cell lymphoma. He determined that Mr. Tolley was likely not overexposed to that extent. Dr. Martin opined that Dr. Guberman's independent medical evaluation failed to meet the minimum standards for the assessment of a work-related diagnosis of cancer. Dr. Guberman did not document an exposure history. Dr. Martin found this to be a critical oversight. Dr. Guberman stated the cancer was caused by various chemical exposures but did not cite a specific chemical.

Attached to Dr. Martin's report was a case-control study of occupational exposure to Tricholorethyelene and non-Hodgkin's lymphoma. The report indicated that exposure assessments of the subjects in the study were made. The results suggested a high level of exposure to Tricholorethyelene was associated with the cancer. It stated that estimates for exposure were not based on direct monitoring data of the subject's workplace environment and that parts per million estimates should be interpreted with caution. The authors noted that they were unable to validate their exposure estimates and that the estimates should not be interpreted for use in risk management.

The claims administrator rejected the claim on August 11, 2011. The Office of Judges reversed that decision in its July 16, 2012, Order and held the claim compensable for non-Hodgkin's lymphoma. The Office of Judges found that the West Virginia Office of the Insurance Commissioner based its argument upon Dr. Martin's report. In his report, Dr. Martin opined that there was not enough evidence to support a causal relationship between Mr. Tolley's chemical exposure and his development of non-Hodgkin's lymphoma. He attached a case-control study to his report that found evidence suggesting that Tricholorethyelene was a lymphomagen. However, Dr. Martin did not note that the study based its findings upon estimates which the authors of the study said should be interpreted with caution. The Office of Judges found the authors stated that the study was not to be used for risk assessment purposes but Dr. Martin used the study for that purpose regardless. Dr. Martin attempted to calculate Mr. Tolley's exposure to Tricholorethyelene. The authors of the study used a series of questionnaires and interviews to estimate exposure but Dr. Martin failed to do that and instead attempted to provide an exposure estimate. The Office of Judges found his calculations were not based upon the same technique used in the study and that he did not have any objective data to base his estimate upon. The Office of Judges found his estimations likely discounted Mr. Tolley's exposure because he reported that he wore gloves when using Tricholorethyelene. The Office of Judges concluded that simply wearing gloves would not have completely protected Mr. Tolley from exposure.

The Office of Judges found significant evidence that Tricholorethyelene was used to clean floors after having been drained onto the floor or dumped from buckets. It determined that this likely meant the chemical was routinely splashed around and could have been in contact with Mr. Tolley's skin on his face, arms, and even through clothing. It also found that further exposure would have resulted from the fumes that were not contained. Mr. Tolley stated that he did not wear breathing protection while using Tricholorethyelene. The Office of Judges therefore concluded that there was clear evidence that he was exposed to Tricholorethyelene. Though Dr. Martin felt the exposure was not significant, the Office of Judges determined that his method for calculating the amount of exposure was neither persuasive nor well-grounded in objective or reliable data.

The Office of Judges also found that Dr. Martin's statement that Mr. Tolley was well within the median age for non-Hodgkin's lymphoma was not well supported by the facts. Dr. Martin stated that the median age was sixty-seven but Mr. Tolley was only fifty-six at the time he was diagnosed, eleven years younger than the median age. Dr. Martin commented that it is significant for relating a disease to exposure if the person is younger than the typical age of onset. The Office of Judges found that to be the case in this claim.

3

The Office of Judges determined that based upon the evidence, studies, and research, there is a link between non-Hodgkin's lymphoma and exposure to Tricholorethyelene and it is clear that Mr. Tolley was exposed to Tricholorethyelene and subsequently developed the disease. The Office of Judges held that he therefore established a prima facie case of causation. Dr. Guberman's report was found to affirm that finding. Wilfredo Molano, M.D., also stated that the claim was an occupational disease and his office notes indicate Mr. Tolley was exposed to Tricholorethyelene. The Office of Judges noted that West Virginia Code § 23-4-1 (2008) does not require a claimant to prove that the conditions of his employment were the exclusive or sole cause of the disease, nor does it require the claimant to show that a disease is peculiar to one industry, work environment, or occupation. The Office of Judges ultimately held that there is sufficient evidence demonstrating Mr. Tolley developed non-Hodgkin's lymphoma as a result of exposure to an agent that has been shown to cause the disease.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its January 29, 2013, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The evidentiary record indicates Mr. Tolley was exposed to Tricholorethyelene in the course of his employment, that the chemical is a known cause of non-Hodgkin's lymphoma, and that Mr. Tolley thereafter developed non-Hodgkin's lymphoma. He has met the requirements set forth in West Virginia Code § 23-4-1(f) and the claim is therefore compensable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4